**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 96-30858**

---

**CARY GRIFFIN,**

**Plaintiff-Appellee,**

**VERSUS**

**EDWIN EDWARDS, Governor, in his official capacity**
**as Governor; RAYMOND LABORDE, individually and**
**in his official capacity as Commissioner of Administration,**

**Defendants-Appellants.**

---

Appeal from the United States District Court
For the Middle District of Louisiana
(94-CV-568)

---

April 24, 1997

Before POLITZ, Chief Judge, DeMOSS, Circuit Judge, and JUSTICE,[*]
District Judge.

PER CURIAM:[2]

We are faced with an appeal from the district court's denial

of a motion to dismiss under FED. R. CIV. P. 12(b)(6) based upon the

---

[*]District Judge of the Eastern District of Texas, sitting by
designation.

[2]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

defense of qualified immunity.  Finding no error, we affirm the decision of the district court without prejudice to the rights of the governor and the commissioner to move for summary judgment at a later date.

**BACKGROUND**

Cary Griffin filed this suit against the Governor of Louisiana, Edwin W. Edwards, and the Louisiana Commissioner of the Division of Administration, Raymond LaBorde (collectively "public defendants"); and against Ronnie Burke, Gary Burke, Maurice Katz, David Grier, E. Lee Trichel, Steve Mullen, Brian Patureau, the Fringe Benefits Management Company, and Colonial Life & Accident Insurance Company (collectively "private defendants") seeking damages pursuant to 42 U.S.C. § 1983.

Griffin contends that all defendants violated his liberty and property rights under the due process clause of the Fourteenth Amendment, his "Commerce Clause" right to conduct business, his rights under the Impairment of Contracts Clause and his free speech rights under the First Amendment by holding meetings in which the defendants discussed awarding certain insurance business to Colonial Life & Accident Insurance Company ("Colonial") and B&A Agency, Inc. ("B&A").  Griffin alleges that, after these meetings, he was unconstitutionally/improperly required to split his commissions from the sale of insurance policies to state employees

2

with B&A. Griffin further alleges that he was improperly removed as an agent for Colonial after he spoke to the Federal Bureau of Investigation about these meetings. Griffin also alleges that defendant Patureau made false and slanderous statements against him in violation of the Louisiana Civil Code Art. 2315.

Ronnie and Gary Burke are brothers. Ronnie Burke was the Orleans Parish Assessor and he actively assisted Edwin W. Edwards with his successful 1991 campaign for Governor of Louisiana. Gary Burke owned and operated B&A and is a licensed insurance broker. Griffin contends that, during the meetings in question, methods of steering the state employees payroll deduction insurance business to the private defendants as patronage for political support were discussed and implemented.

Griffin was an authorized sales representative for Colonial. His relationship with Colonial was defined by a Career Sales Representative Agreement ("CSRA"). He solicited and sold insurance policies to various departments and offices of the State of Louisiana and received a commission on the premiums received by Colonial in accordance with the CSRA. In furtherance of the alleged conspiracy, Griffin contends that Colonial withheld one-third of his commissions earned from the sale of Colonial's products to state employees between April 1992 and June 1993. After he complained about this arrangement, Colonial terminated Griffin's contract on May 28, 1993.

3

Griffin filed suit on May 31, 1994.  On August 30, 1994, all the defendants filed a joint motion to dismiss for prescription, lack of subject matter jurisdiction, and failure to state a claim for which relief can be granted.  The district court denied the defendants' motion on July 24, 1995.  The district court then amended its order of July 24 and certified the interlocutory order for appeal to this Court on August 7, 1995.

On August 22, 1995, all defendants filed a joint petition, pursuant to FED. R. APP. P. 5, for permission to appeal the denial of the motion to dismiss.  This motion was denied by this Court on October 17, 1995, because the petition was filed more than ten days after the entry of the district court's order of August 7.  This Court issued an amended order on November 15, 1995, denying the defendants' petition for leave to appeal and withdrawing the order filed on October 17, 1995.  Subsequently, the public defendants filed their answers to Griffin's complaint, raising the defense of qualified immunity.

On June 21, 1996, the public defendants filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) on the basis of qualified immunity.  The district court orally denied the motion on July 24, 1996, and issued a written order memorializing that denial on August 1, 1996.  The district court also denied the defendants' motion to stay discovery.  The public defendants appealed from both orders.

4

The only issue on appeal to this Court is whether the district court erred in denying the public defendants' motion to dismiss on qualified immunity grounds.  The appeal of the district court's denial of the motion to stay discovery has been withdrawn.

**ANALYSIS**

Our jurisdiction rests on *Mitchell v. Forsyth*, 105 S. Ct. 2806, 2817 (1985).  In *Mitchell*, the Supreme Court held that a district court's denial of a motion to dismiss on qualified immunity grounds, to the extent that it turns on an issue of law, is an appealable final order within the meaning of 28 U.S.C. § 1291, notwithstanding the absence of a final judgment.  *See also Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994) ("[w]hen the issue is purely one of law, denial of such [qualified] immunity is appealable immediately under 28 U.S.C. § 1291, . . .").

We review a district court's order denying a motion to dismiss based upon qualified immunity grounds *de novo*, taking as true the well pleaded allegations in the complaint.  *Foster*, 28 F.3d at 428.

To begin this review, we must first determine whether Griffin has alleged a violation of a constitutional right.  *Id.* at 429. Next, we must ascertain whether Griffin's claims set forth specific facts establishing the violation of a clearly established right. *Id.*  To establish such a violation, Griffin must assert that he was intentionally or recklessly deprived of a recognized property or

5

liberty interest under the Fourteenth Amendment. *See* **Griffith v. Johnson**, 899 F.2d 1427, 1435 (5th Cir. 1990).

In this case, Griffin relies on alleged depravation of liberty and property interests under the due process clause of the Fourteenth Amendment and alleged violations of his First Amendment right of freedom of speech. Griffin's claims under the Fourteenth Amendment are based on the fact that he was required by Colonial to split, with B&A, his commissions earned from insurance policies sold to state employees participating in the flexible benefits plan. Griffin also alleges that the conspiratorial conduct by all defendants deprived him of his First Amendment right of freedom of speech and his informer's privilege because he was fired after speaking with the F.B.I. about the alleged steering of the state employee insurance business to the Governor's political supporters.

The public defendants contend that Griffin failed to allege sufficient facts to establish that the public defendants violated a clearly-established constitutional right. Next, the public defendants argue that Griffin does not have a constitutionally protected right to earn a certain amount of commissions from the sale of insurance policies. They note that the only factual allegation raised by Griffin involves the public defendants' participation in meetings in which they discussed steering state insurance business to the private defendants. The public defendants also assert that these meetings do not establish that

6

they intentionally or recklessly sought to remove or significantly alter Griffin's protected liberty or property interests.  Finally, the public defendants contend that Griffin failed to allege facts that they participated in the alleged retaliation against him for speaking with the F.B.I.

### CONCLUSION

After carefully reviewing the briefs, record excepts, relevant portions of the record, and hearing argument in this case, the district court's decision denying the motion to dismiss on the basis of qualified immunity under FED. R. CIV. P. 12(b)(6) is AFFIRMED.  This affirmance is, however, ordered without prejudice to the rights of the public defendants to move for summary judgment on the grounds of qualified immunity at a later date, after such limited discovery as the district court may deem necessary to determine whether a genuine issue exists as to the illegality of the public defendants' conduct.  This process should be completed in accordance with the procedures set forth in **Schultea v. Wood**, 47 F.3d 1427 (5th Cir. 1995) (*en banc*).